# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOT NO. 36 OF WINDSOR PARK NORTH ) <br> SUBDIVISION, A/K/A 2334 REGENCY ) <br> DRIVE, CITY OF RANDLEMAN, ) <br> FRANKLINVILLE TOWNSHIP, RANDOLPH ) <br> COUNTY, NORTH CAROLINA, WITH ALL ) <br> APPURTENANCES AND IMPROVEMENTS ) <br> THEREON, ) <br> ) <br> Defendant. ) | **MEMORANDUM OPINION** <br> **AND RECOMMENDATION** <br><br> 1:07CV944 |

This matter is before the court on Plaintiff United States of America's ("Plaintiff" or "Government") Motion to Strike the Notice of Verified Claim and Motion to Dismiss filed by Mark Bittle for lack of standing (docket no. 26). Since there has been no consent to the jurisdiction of the magistrate judge, this court must address the motion by way of a recommended disposition. For the following reasons, it will be recommended that Plaintiff's Motion to Strike be granted.

**Discussion**

This suit arises from a civil forfeiture action brought by the Government to seize real property that was allegedly used by Claimant Mark Dwayne Bittle to further his drug related activities and purchased with money that came from those

activities.[1] Plaintiff filed the Complaint for Forfeiture on December 13, 2007 (docket no. 1). Claimant Bittle filed a Notice of Verified Claim to the defendant property on February 25, 2008 (docket no. 10). On March 17, 2008, Bittle filed an Answer to the Complaint (docket no. 16). On March 18, 2008, Bittle filed a Motion to Dismiss Plaintiff's Complaint Due to Breach of Plea Agreement (docket no. 17). On October 31, 2008, Plaintiff filed a Motion to Strike Mark Bittle's Claim and Motion to Dismiss based on a lack of standing (docket no. 26). Bittle claims that, at the time of his arrest, he was renting the property from his mother, Maxine Bittle Hicks, who is the record owner of the property.[2]

In order to challenge civil forfeiture, a claimant must have both statutory and constitutional standing. *See United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007). In its memo in support of its Motion to Strike, the Government asserts that Bittle does not have the minimal interest in the property necessary for standing in this case under Article III of the Constitution.[3] Plaintiff points out that the property is not owned by Mark Bittle, and that "Bittle was not in possession of the defendant property at the time he filed his claim or even when the

---

[1] On April 13, 2007, Bittle pled guilty to one count of violating 21 U.S.C. § 841 (a)(1), for knowingly, intentionally and unlawfully distributing five (5) or more kilograms of cocaine. *See* Compl., Ex. A, Decl. Of William C. Kinghorn, 3–5 (hereinafter "Kinghorn Decl.").

[2] Hicks and her husband filed a claim and answer on June 11, 2008, alleging that she is the legal owner of the property. (docket nos. 21, 22).

[3] The Government does not contest that Bittle has statutory standing. (docket no. 27, Mem. Supp. Mot. to Strike at 3).

2

complaint in this action was filed, having been sentenced to 192 months imprisonment on August 31, 2007." (docket no. 27, Mem. Supp. Mot. to Strike, 5).

Civil forfeiture allows the government to take property used in connection with or in furtherance of criminal activities. *See generally* 18 U.S.C. § 981 *et seq.*[4] Under the "relation-back" subsections of the civil forfeiture statutes, the government's interest in property vests "upon the commission of the act giving rise to forfeiture." 18 U.S.C. § 981(f); 21 U.S.C. § 881(h). Seizure by the government and the order by the court merely confirm the forfeiture that has already occurred. *United States v. One Piece of Real Estate*, 571 F. Supp. 723, 725 (W.D. Tex. 1983); *see also United States v. Real Property Located at 6124 Mary Lane, San Diego, California*, No.: 03CV580, 2008 WL 3925074 (W.D.N.C. Aug. 20, 2008). This so-called relation-back provision is meant to prevent defendants from protecting property by transferring it to third parties before the government can seize it. *See United States v. McHan*, 345 F.3d 262, 268 (4th Cir. 2003) (discussing the relation-back provision in the criminal forfeiture context). Under the statute, however, "[a]n innocent owner's interest in the property shall not be forfeited." 18 U.S.C. § 983(d)(1). A claimant may raise an "innocent owner" defense by proving (1) no knowledge of the conduct giving rise to the forfeiture; or (2) upon learning of the conduct giving rise

---

[4] This statute, the Civil Asset Forfeiture Reform Act ("CAFRA"), was passed in 2000 and materially altered the burden of proof in all civil forfeiture cases commenced on or after August 23, 2000.

to the forfeiture, the claimant did all that reasonably could be expected under the circumstances to terminate such use of the property. *See* 18 U.S.C. § 983(d)(2)(A).

In his claim, Bittle claimed to be the bailee of the subject property. (Notice of Verified Claim, docket no. 10 at 1). Plaintiff notes that a bailment requires delivery of personal property and so does "not arise in real property." (Plaintiff's Mem. Supp. Mot. to Strike, 5). In his Answer, Bittle clarifies that he was renting the property from his mother. (Answer 3). It seems clear that Bittle made a mistake when using the words "bailee" and "bailor" to describe himself and his mother, when the terms "tenant" and "landlord" (or "lessee" and "lessor") would have been more appropriate. Bittle should not be penalized for this mistake, however, since documents filed *pro se* should be liberally interpreted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The standard for establishing Article III standing is not high, as courts generally hold that a claimant need only establish a "colorable ownership, possessory or security interest" in the subject property. *United States v. $38,852.00 in U.S.Currency*, 328 F.Supp. 2d 768, 769 (N.D.Ohio 2004) (quoting *United States v. $64,800.00 in U.S. Currency*, 21 F. App'x 439, 440 (6th Cir. 2001) (internal quotations omitted). Thus, courts generally will not deny standing to a claimant who is either the "colorable owner of the [property] or who has any colorable possessory interest in it." *United States v. $7,000.00 in U.S. Currency*, 583 F. Supp. 2d 725, 729 (M.D.N.C. 2008) (quoting *United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 985 (3d Cir. 1992)). Presumably, a leasehold meets

4

the definition of a "colorable possessory interest." *See* 21 U.S.C. § 881 (a)(7) (stating that "[a]ll real property, including any right, title and interest (including any leasehold interest)" is subject to forfeiture to the United States). Interestingly, in his declaration in support of this forfeiture, William C. Kinghorn, Special Agent of the Drug Enforcement Administration, asserts that Mark Bittle is the actual owner of the property. (Kinghorn Decl. 1-2). Whether or not Bittle is the actual owner, the fact that he was living on the property at the time of the illegal acts *might*, under normal circumstances, give him sufficient interest in the property to have standing in this case.[5]

Bittle, however, is presently serving a lengthy prison sentence for his illegal activities. His property was forfeited as part of the underlying criminal proceeding. There is no remedy which this court could award Bittle, as a lessee, based on his alleged possessory rights. Moreover, it is clear from his pleadings that he is not asserting his own rights, but rather the rights of his mother, who is the legal owner of the property:

---

[5] Because Mrs. Hicks has filed a claim challenging the forfeiture, the district court will have to determine whether she is merely a nominal owner of the property exercising no dominion or control over the property. *See $7000 in U.S. Currency*, 583 F. Supp. 2d at 279 (discussing two tests used by courts to determine whether a claimant has sufficient interest in seized property to establish standing, and predicting that the Fourth Circuit would adopt the "dominion and control" test as evidence of an ownership interest). Of course, if Bittle were determined by the court to be the real owner of the subject property, he could not assert the innocent owner defense, because he is, in fact, not innocent. *See* 18 U.S.C. § 983(d)(1) & (2) (2001).

5

> Maxine Bittle Hicks (hereinafter bailor) is the lawful owner of the Subject Property, and Mother of the bailee, Mark Dwayne Bittle. The property referred to was not derived from proceeds of illicit activity and any violation of the Controlled Substances Act is subject to an Innocent Owners Defense. The bailee hereby demands remission or mitigation of forfeiture *on behalf of the bailor, Maxine Bittle Hicks*.

(Notice of Verified Claim, docket no. 10 at 1) (emphasis added).[6] Mrs. Hicks has asserted her own claim challenging the forfeiture. Bittle has no standing to assert the innocent owner defense on behalf of his mother.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion to strike (docket no. 26) be **GRANTED**.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
United States Magistrate Judge

June 22 , 2009

---

[6] Notably, Bittle filed no response to the government's motion to strike, which was filed after the Claimants Hicks filed their claim in this matter.

6